UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

L.B.,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Warden, Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26-cv-3330-RSH-JLB

**ORDER DENYING PETITION**

On May 29, 2026, petitioner L.B., through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. The merits of the Petition are fully briefed. ECF Nos. 6, 7.

**I.      BACKGROUND**

This Court previously granted the petition in an earlier action by Petitioner, Case No. 26-cv-182-RSH-JLB, in which Petitioner was represented by the same counsel as in the instant case. In the earlier case, on January 28, 2026, the Court determined that Petitioner's detention without a bond hearing had become unduly prolonged in violation of his due process rights, and concluded that she "is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the

community if released." Case No. 26-cv-182-RSH-JLB, Dkt. No. 5 at 2. The Court directed the government to arrange a bond hearing in immigration court within 10 days of the order. *Id.*

On February 2, 2026, Petitioner received a timely bond hearing, at which the immigration judge denied bond on the ground that Petitioner was a flight risk. Case No. 26-cv-182-RSH-JLB, Dkt. No. 11 at Ex. 1.

On March 2, 2026, Petitioner filed a motion to enforce the judgment. Case No. 26-cv-182-RSH-JLB, Dkt. No. 7. Petitioner argued that her bond hearing did not comport with the Court's order because (1) "the burden of proof was not properly assigned" and (2) the immigration judge "was not a neutral arbiter." *Id.* at 1. Respondents opposed, arguing that Petitioner's claims were unfounded, and that Petitioner also failed to exhaust administrative remedies by appealing the adverse bond decision to the Board of Immigration Appeals ("BIA"). Case No. 26-cv-182-RSH-JLB, Dkt. No. 11. The Court directed a reply brief from Petitioner addressing exhaustion of administrative remedies, which Petitioner timely filed. Case No. 26-cv-182-RSH-JLB, Dkt. Nos. 12, 13.

On March 27, 2026, the Court denied Petitioner's motion to enforce in a written order. Case No. 26-cv-182-RSH-JLB, Dkt. No. 14. The Court found that Petitioner failed to establish non-compliance with the Court's order, and that any other claims of error were subject to the prudential requirement of exhaustion of administrative remedies. *Id.* at 4–5.

Petitioner filed this action approximately two months later, on May 29, 2026, and the action was assigned at random to a district judge. The Petition alleges at the outset that the district court ordered a bond hearing on January 28, 2026, and that the bond hearing was held on February 2, 2026. ECF No. 1 ¶¶ 2, 3. The Petition states, "[w]e now file this action as Petitioner's bond hearing did not comport with the due process that the Constitution requires." *Id.* ¶ 3. The Petition raises substantially similar arguments that Petitioner made in connection with his motion to enforce in the prior case. *See, e.g., id.* ¶ 29 ("This Court ordered a bond hearing …. At Petitioner's February 2, 2026 hearing, the IJ did not hold DHS to its burden, did not consider all evidence, and did not rely on

probative and specific evidence related to flight risk."); 11 (arguing "failure to hold DHS to its clear & convincing burden of proof"); 20 (arguing that immigration judge was "not impartial"). But the Petition *fails* to disclose that Petitioner previously filed a motion to enforce in the prior case, or that the motion to enforce was denied.

On June 2, 2026, Respondents filed a notice that this case was related to Case No. 26-cv-182-RSH-JLB. ECF No. 3. This case was then transferred to the undersigned. ECF No. 4.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

Although the Petition challenges the adequacy of the February 2, 2026 bond hearing ordered by this Court, the Petition does not mention that Petitioner previously brought a similar challenge that the Court denied. Accordingly, the Petition does not directly address the reasoning in the Court's prior ruling. But that reasoning applies here as well. *See* Case No. 26-cv-182-RSH-JLB, Dkt. No. 14; *see also Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). For the reasons previously stated, the prudential doctrine of exhaustion continues to apply to Petitioner's claims of error in connection with his bond hearing.

The Petition devotes a section to exhaustion of administrative remedies, ECF No. 1 ¶¶ 17–22, but this discussion is more abbreviated than the similar discussion contained in Petitioner's reply brief in the previous action, Case No. 26-cv-182-RSH-JLB, Dkt. No. 13.

26-cv-3330-RSH-JLB

In arguing that exhaustion would be futile or result in irreparable harm, the Petition includes citations to a declaration, two articles, and a district court decision that post-date the briefing on the prior motion to enforce—all to argue that the BIA will simply "function[] to rubberstamp" her bond denial. *See* ECF No. 1 ¶¶ 19, 20 & Exs. 10, 11, 14. Respondents in turn cite numerous recent examples in which petitioners in this district are indeed granted bond by immigration judges. Based on the record presented, this Court remains unpersuaded that the BIA fails to function as an adequate administrative tribunal, that pursuit of a BIA appeal is a futile endeavor, or that Petitioner's continued detention pending pursuit of that appeal constitutes irreparable harm. *See Reyes v. Wolf*, No. C20-0377LR, 2021 WL 662659, at *3 (W.D. Wash. Feb. 19, 2021) (determining that the petitioner failed to establish that "that civil detention after the denial of a bond hearing constitutes irreparable harm such that prudential exhaustion should be waived"), *aff'd sub nom. Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021). The Court finds that each requirement for prudential exhaustion applies here and declines to waive that requirement based on futility or irreparable injury.

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 18, 2026

Hon. Robert S. Huie
United States District Judge

4

26-cv-3330-RSH-JLB